UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:15-CV-00742-GNS

MARISA KLEIN                          PLAINTIFF

v.

AETNA INC. LONG TERM DISABILITY
BENEFITS PLAN                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon Defendant's Partial Motion to Dismiss (DN 11). The motion is ripe for decision. For the reasons set forth below, the motion is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Marisa Klein ("Klein") was insured under an employer-provided disability benefit plan administered by Defendant Aetna Inc. Long Term Disability Benefits Plan ("Aetna"). (Compl. ¶¶ 6-8, DN 1). In July 2011, Klein was unable to work due to a disabling condition. (Compl. ¶ 9). During the period from August 2011 through September 2013, Aetna initially provided short-term disability benefits to Klein and later provided long-term disability benefits. (Compl. ¶ 10). Aetna then terminated her benefits, and Klein has not been able to return to work. (Compl. ¶¶ 10-11).

Plaintiff filed this action against Aetna alleging that it breached the terms of the benefit plan in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. (Compl. ¶ 25). In particular, Klein asserts claims under Sections 1132(a)(1)(B) and

1

1132(a)(3) requesting payment of past and future benefits, declaratory relief, other equitable remedies including surcharge, and reasonable attorneys' fees and costs. (Compl. ¶¶ 25, 27).

## II.     JURISDICTION

This Court has jurisdiction of this matter based upon federal question jurisdiction. *See* 28 U.S.C. § 1331.

## III.     STANDARD OF REVIEW

A complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the nonmoving party, accepting "as true all factual allegations and permissible inferences therein. *See Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994) (citing *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976)). The nonmoving party, however, must plead more than bare legal conclusions. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996). In order to survive a 12(b)(6) motion, "[the] complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). While the pleadings do not need to contain detailed factual allegations, the nonmoving party must allege facts that when "accepted as true . . . 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## IV.    DISCUSSION

In its motion, Aetna argues that Plaintiff's claim under Section 1132(a)(3) is precluded by her claim asserted under Section 1132(a)(1). (Def.'s Mem. in Supp. of Mot. to Dismiss 4-15). In relevant part, Section 1132(a)(1) provides:

> A civil action may be brought—
> (1) by a participant or beneficiary—
> . . .
> (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . .

29 U.S.C. § 1132(a)(1)(B). In contrast, Section 1132(a)(3) provides:

> A civil action may be brought—
> . . .
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan . . . .

29 U.S.C. § 1132(a)(3).

In *Varity Corp. v. Howe*, 516 U.S. 489 (1996), the Supreme Court addressed the interplay between these subsections. It noted that Supreme Court precedent has long held that Section 1132(a)(3) serves "as a safety net, offering appropriate equitable relief for injuries caused by violations that [Section 1132] does not elsewhere adequately remedy." *Id.* at 513. As result, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate" as required by Section 1132(a)(3). *Id.* at 515 (internal quotation marks omitted). Similarly, as this Court has noted, a "claim under [Section] 1132(a)(3) is precluded where the claim is premised upon the same conduct or requests the same relief as a claim for a denial of benefits under [Section] 1132(a)(1)(B)." *Hackney v. Lincoln Nat'l Life Ins. Co.*, No. 3:11-CV-

3

00268-TBR, 2014 WL 3940123, at *3 (W.D. Ky. Aug. 12, 2014) (citing *Howe*, 516 U.S. at 512-15).

The Sixth Circuit's recent decision in *Rochow v. Life Insurance Co. of North America*, 780 F.3d 364 (6th Cir. 2015), is also instructive. In *Rochow*, the plaintiff filed suit alleging violations of ERISA due to the denial of his long-term disability benefits claim. *See id.* On appeal, the Sixth Circuit addressed the same issue as present in the case *sub judice*—whether the plaintiff could assert claims under both Section 1132(a)(1)(B) and Section 1132(a)(3). *See id.* at 370. In holding that the plaintiff could not pursue both claims, the court noted:

> A claimant can pursue a breach-of-fiduciary-duty claim under [Section 1132(a)(3)], irrespective of the degree of success obtained on a claim for recovery of benefits under [Section 1132(a)(1)(B)], only where the breach of fiduciary duty claim is based on an *injury* separate and distinct from the denial of benefits or where the remedy afforded by Congress under [Section 1132(a)(1)(B)] is otherwise shown to be inadequate.

*Id.* at 372 (citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 840-42 (6th Cir. 2007)). Thus, in asserting a claim for equitable relief pursuant to the catchall provision of Section 1132(a)(3), such a claim must be "more than a repackaged denial of benefits claims . . . ." *Gore*, 477 F.3d at 838 (internal quotation marks omitted) (citation omitted).

In this case, Plaintiff's allegations fail to state "factual content [that] allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged" under both Sections 1132(a)(1)(B) and 1132(a)(3). *Iqbal*, 556 U.S. at 678. As the Sixth Circuit held in *Rochow*, Klein must have alleged an "injury separate and distinct from the denial of benefits" or "the remedy afforded by Congress under [Section 1132(a)(1)(B)] is otherwise . . . inadequate" to provide full relief. *Rochow*, 780 F.3d at 372. Plaintiff has not asserted sufficient allegations to support a plausible claim for relief under Section 1132(a)(3) because it lacks facts to support a claim of breach of fiduciary duty with reference to this claim. Thus, Klein has failed to state a

claim under Section 1132(a)(3), and the Court will grant the motion on this claim. *See Myers v. Anthem Life Ins. Co.*, No. 3:14-CV-00948-JHM, 2015 WL 6394524, at *2 (W.D. Ky. Oct. 21, 2015) (dismissing a catchall claim under Section 1132(a)(3) based upon essentially identical allegations in the complaint).

## V.     CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss (DN 11) is **GRANTED**.

**Greg N. Stivers, Judge**
**United States District Court**
April 21, 2016


cc:     counsel of record